UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Fort Dearborn Life Insurance Company

   v.                                Civil No. 09-cv-42-JD

Peter Neill, et al.


O R D E R

Fort Dearborn Life Insurance Company brought an interpleader action in this court to resolve competing claims to the benefits of life insurance under a Fort Dearborn policy. The defendants are Peter Neill, who was divorced from the decedent before her death, and Stephen Mills, the decedent's brother. Neill moves to dismiss or in the alternative to transfer the case. Mills objects to the motion, in part, and Fort Dearborn objects.


Background

Tyslon Neill was married to Peter Neill. Tyslon obtained life insurance, through her employer's group life insurance plan, in January of 2003 under a Fort Dearborn policy. She named Peter, who was then her husband, as her sole beneficiary. Under the terms of the policy, the designated beneficiary was to receive $27,000 in benefits upon Tyslon's death.

Peter and Tyslon were divorced in 2005.  Tyslon did not change the beneficiary on her life insurance.  Tyslon died due to complications of breast cancer in November of 2008.  Her brother, Stephen Mills, was appointed administrator of her estate.  On December 13, 2008, Peter requested payment of the benefit under Tyslon's insurance as the named beneficiary.  On January 5, Mills requested payment of the benefits under the policy as her brother, administrator of her estate, and as guardian of her father, Tyson A. Mills.

### Discussion

Fort Dearborn brought this interpleader action, pursuant to Federal Rule of Civil Procedure 22, to determine which of the claimants is entitled to Tyslon's life insurance proceeds.  Fort Dearborn asserts federal question jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1).  Peter Neill moves to dismiss the action due to a failure to state a cause of action under Federal Rule of Civil Procedure Rule 12(b)(6), or in the alternative, to transfer the action to a New Hampshire state court.

As a preliminary matter, this court has jurisdiction over an interpleader action pursuant to 35 U.S.C. § 1335(a)(1).  Although

Fort Dearborn failed to include the proper grounds for jurisdiction in the complaint, jurisdiction exists in this court.

A.  Motion to Dismiss

In deciding a motion under Rule 12(b)(6), the court takes all well-pleaded facts in the complaint as true and resolves reasonable inferences in favor of the non-moving party. Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir. 2008).  To avoid dismissal, the complaint must allege at least a plausible basis for relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545-46 (2007).

A plaintiff may bring an interpleader action to resolve claims brought by parties that might expose the plaintiff to double or multiple liability.  Fed. R. Civ. P. 22(a); see also Sun Life Assur. Co. v. Sampson, 556 F.3d 6, 7-8 (1st Cir. 2009). Fort Dearborn alleges that Neill and Mills claim the same life insurance proceeds.  Although Fort Dearborn "is indifferent" as to which of them is entitled to the life insurance proceeds, it seeks a determination to resolve the matter to avoid double liability.  Therefore, Fort Dearborn states an interpleader claim.

The grounds for Neill's motion to dismiss are not clear.[1] Neill argues that he, as the named beneficiary, is entitled to Tyslon's life insurance.  Because Neill is arguing the merits of the claim, rather than challenging the adequacy of Fort Dearborn's pleading, he has not raised grounds to support a motion to dismiss.[2]

B.  Motion to Transfer

Neill also contends that the action should be transferred to "the Carroll County Superior Court, or to the Ossipee Family Division."  He offers no grounds to support his request to transfer the case to state court other than stating that Mills has an adequate remedy in state court to protect his claim to the insurance proceeds.  Because this court has subject matter jurisdiction over the case and Neill fails to raise any basis for transferring the case to state court, that part of his motion lacks merit.

---

[1] Neill is represented by counsel.

[2] In addition, Neill appears to mistakenly believe that Mills has brought claims against him in this interpleader action, which are subject to dismissal.

Conclusion

For the foregoing reasons, the Peter Neill's motion to dismiss or in the alternative to transfer (document no. 15) is denied.

SO ORDERED.

                                      Joseph A. DiClerico, Jr.
                                      United States District Judge

June 2, 2009

cc: Deborah S. Freeman, Esquire
    Jennifer Graham Haskell, Esquire
    Maureen Higham, Esquire
    Theodore M. Lothstein, Esquire
    Sara R. Simeonidis, Esquire